FILED
SEP 15 2009
Clerk, U.S. District and Bankruptcy Courts

United States District Court
District of Columbia

Jeremy Pinson, #16267-064
FCI
Plaintiff, PMB 1000
Talladega, AL 35160

v.

Harley Lappin,
Constance Reese,
Delbert Sauers,
Defendants,

Case: 1:09-cv-01744
Assigned To : Unassigned
Assign. Date : 9/15/2009
Description: Pro Se Gen. Civil

Case N

EMERGENCY APPLICATION FOR A PRELIMINARY INJUNCTION

Complaint

## A. Parties

1. Plaintiff Jeremy Pinson is a federal prisoner confined to the FCI Special Management Unit at Talladega, Alabama.

2. Defendant Harley Lappin is employed as Director, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C., 20534.

3. Defendant Constance Reese is employed as Warden, FCI Talladega, 565 E. Renfroe Road, Talladega, AL, 35160.

4. Defendant Delbert Sauers is employed as Chief, Designation and Sentence Computation Center, Federal Bureau of Prisons, 346 Marine Forces Drive, Grand Prairie, Texas, 75051.

RECEIVED
AUG 17 2009
Clerk, U.S. District and Bankruptcy Courts

Page 01

1

### B. Jurisdiction

1. Jurisdiction is asserted pursuant to 28 U.S.C. 1331, 28 U.S.C. 2201-02, Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), U.S. Const. Amend. VIII.

### C. Venue

1. Venue is asserted proper as the agency is headquartered in Washington, D.C.

### D. Statement of Facts

1. Plaintiff is serving a 252-month aggregated term of imprisonment stemming from convictions in the Western District of Oklahoma and Southern District of Texas.

2. Prior to entering federal custody Plaintiff assisted State law enforcement officials by testifying against inmate gangs who had committed Riot and Murder. (See Attachments 1 + 2).

3. In December 2008 Plaintiff cooperated against over 40 inmates with federal authorities.

4. As a result of the December 2008 cooperation on 12-11-08 Assistant U.S. Attorney Michael Schultz sent a letter to defendant Delbert Savers expressing the need for Plaintiff's protection while in prison.

5. Since entering federal custody in 2007 Plaintiff has filed numerous grievances including at least 3 final appeals to defendant Harley Lappin seeking protection.

6. On August 31, 2007 Plaintiff was assaulted at the U.S. Penitentiary in Beaumont, Texas.

7. On July 27, 2007 Plaintiff was severely beaten and sexually assaulted at USP Beaumont.

8. On December 12, 2007 Plaintiff was beaten unconscious while confined to the U.S. Penitentiary in Florence, CO.

9. In March 2008 Plaintiff was assaulted at the U.S. Penitentiary in Victorville, California.

10. On April 9, 2008 Plaintiff was stabbed and severely beaten at USP Victorville.

11. Defendants Reese, Lappin, Sauers are aware of the history of cooperation with authorities by Plaintiff and the repeated, brutal assaults resulting therefrom.

12. On August 1, 2009 Defendant Sauers designated the Plaintiff to the Special Management Unit at Talladega, Alabama.

13. On August 6, 2009 Plaintiff was transported to the Talladega S.M.U.

14. Special Management Units are designed to house especially violent offenders and inmates identified as belonging to a prison gang.

15. Defendant Reese refused to house Plaintiff alone even though she was aware of the grave threat to Plaintiff's safety and authorized Plaintiff to be assigned to house with inmate David Martin.

16. Martin has a history of violence including murder and sexually predacious behavior.

17. Inmate Martin threatened to murder Plaintiff if Plaintiff attempted to request a cell change from staff.

18. Plaintiff is confined to a cell with the inmate 24 hours a day and has no in-cell mechanism to alert staff members if he is assaulted.

19. On 8-9-09 inmate Martin placed his erect penis onto Plaintiff's leg demanding oral sex. The Plaintiff refused.

20. Inmate Martin has threatened Plaintiff on a daily basis with death.

21. Defendants Reese, Sawers, Lappin despite knowledge of an imminent risk of harm or death have done nothing to segregate Plaintiff from others in the Special Management Unit.

22. Plaintiff is in imminent danger.

### E. Cause of Action

1. Claim One - Violation of Eighth Amendment to U.S. Constitution; Deliberate Indifference to safety of Plaintiff by defendants.

### F. Requested Relief

1. Preliminary Injunction enjoining defendants from a continued deliberate Indifference to Plaintiff's safety needs and compelling immediate measures to ensure Plaintiff's continued safety.

Signed August 13, 2009 at Talladega, AL.

Jeremy Pinson 16267-064
FCI Talladega
P.O. Box 1000
Talladega, AL, 35160
Plaintiff

Page 05

## Declaration

I declare the aforegoing is true and correct under penalty of perjury pursuant to 28 U.S.C. 1746.

Signed 8-13-09.

*Jeremy Pinson*

United States District Court
District of Columbia

Jeremy Pinson,
　　Plaintiff,

v.

Harley Lappin, et al.,
　　Defendants,

Case No.

## Motion For Temporary Restraining Order

Comes Now the Plaintiff pursuant to Federal Rule of Civil Procedure 65(b) and seeks a Temporary Restraining Order enjoining defendant Constance Reese from housing Plaintiff while confined to FCI Talladega Special Management Unit with any other inmate until a final adjudication of the Emergency Application for a Temporary Restraining Order or Preliminary Injunction (complaint).

In support Plaintiff asserts his cellmate has already threatened to murder Plaintiff as have several other inmates at the prison. Plaintiff is in imminent danger of death or serious bodily injury and such imminent harm could be consummated before Plaintiff's case could reach a final determination should the TRO not issue. A TRO is the only available remedy to prevent death or serious bodily injury from

1

occuring.
The legal prerequisites for a TRO are present as
(1) There is a substantial likelihood Plaintiff will prevail on the Merits;
(2) The Plaintiff has been threatened with Murder, should he be murdered irreparable injury will have occurred if the TRO does not issue;
(3) The threatened injury to Plaintiff far outweighs whatever damage the TRO may cause defendants;
(4) The public interest is not harmed should the Court act to protect human life.

Therefore the legal prerequisites are met as outlined. See: Flast v. Cohen, 392 U.S. 83 (1968), Los Angeles v. Lyons, 461 U.S. 95 (1983).
The Supreme Court has noted a prisoner need not await tragic injury being consummated to obtain preventative judicial relief. See: Farmer v. Brennan 511 U.S. 825 (1994). The United States has a duty to protect Plaintiff from assault by other inmates. See: United States v. Muniz, 374 U.S. 150 (1969). Defendants have an established statutory duty to protect Plaintiff. See 18 U.S.C. 4042.
The threatened injury is neither speculative nor imagined and the extensive history of assaults against Plaintiff gives foundation that an actual risk of harm or death exists.
Plaintiff reincorporates herein the facts alleged

2

in the Emergency Application for a Preliminary Injunction filed contemporaneously herewith and declares the veracity of such pursuant to 28 U.S.C. 1746.

Wherefore Plaintiff prays the Court issue an Order granting relief without undue delay.

Signed August 13, 2009.

*[signature]*

Jeremy Pinson #16267-064
FCI Talladega (S.M.U.)
P.O. Box 1000
Talladega, AL, 35160
Plaintiff